**Prepared By:**
**M&T Bank**
**475 Crosspoint Pkwy**
**Getzville, NY 14068**

**After Recording Please Return To:**
**ServiceLink**
**Attn: Loan Modification Solutions**
**3220 El Camino Real**
**Irvine, CA 92602**

████████

Property Address:
**601 EL HATCO DR**
**TEMPLE, PA 19560**

████████████████

*True and Certified Copy of the Original*
*Sent for Recordation*

————————————*[Space Above This Line For Recording Data]*————————————

████████████████

# LOAN MODIFICATION AGREEMENT
## (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this **7th day of November, 2023**, between **JASON T COLE AND SUSAN K COLE AS TENANTS BY THE ENTIRETY** ("Borrower") and **Lakeview Loan Servicing LLC by its attorney-in-fact M&T Bank** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **March 21, 2014**, in the amount of **$94,905.00** and recorded on **March 27, 2014** in Book, Volume, or Liber No. _____ , at Page _____ (or as Instrument No. **2014009336**) , of the **Official** (Name of Records) Records of **Berks**, **PENNSYLVANIA** (County and State, or other jurisdiction) and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**601 EL HATCO DR, TEMPLE, PA 19560**
(Property Address)

████████████████

the real property described being set forth as follows:
**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **December 1, 2023**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$82,106.30**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **5.750%**, from **November 1, 2023**. Borrower promises to make monthly payments of principal and interest of U.S. **$437.53**, beginning on the **1st** day of **December, 2023**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **5.750%** will remain in effect until principal and interest are paid in full. If on **November 1, 2063** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of

this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4.  Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    a)  all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    b)  all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5.  Borrower understands and agrees that:

    a)  All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    b)  All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is

presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

c)    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

d)    All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

e)    Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

f)    Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number,

including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging ☐.

_____   Date: _1_/_11_/_24_
Borrower   JASON T. COLE

_____   Date: _1_/_11_/_24_
Borrower      - SUSAN K. COLE *SIGNING SOLELY TO
ACKNOWLEDGE THIS AGREEMENT,
BUT NOT TO INCUR ANY PERSONAL
LIABILITY FOR THE DEBT

## ACKNOWLEDGMENT

State of ___PA___ §

§

County of ___Berks___ §

On this __11th__ day of __January__ , __2024__ ,
before me, the undersigned officer, personally appeared **JASON T. COLE AND SUSAN K.
COLE**, known to me (or satisfactorily proven), to be the person whose name is subscribed to the
within instrument, and acknowledged that he/she executed the same for the purposes therein.

In witness whereof, I hereunto set my hand and official seal.

Notary Public

__Kirsten Kauffman__
Printed Name

__Notary Public__
Title of Officer

Commonwealth of Pennsylvania - Notary Seal
KIRSTEN KAUFFMAN - Notary Public
Berks County
My Commission Expires February 10, 2027
Commission Number 1288359

(Seal)

My Commission Expires: __2|10|27__

ACCEPTED AND AGREED TO BY THE OWNER AND HOLDER OF SAID NOTE
**Lakeview Loan Servicing LLC by its attorney-in-fact M&T Bank**

By: _____     _____
                Kevin Danwin                    1/22/2024
          Assistant Vice President
                          -Lender        Date of Lender's Signature

### ACKNOWLEDGMENT

State of ___NY___                §
                                 §
County of ___Erie___             §

On this ___22___ day of ___Jan___ in the year ___2024___, before me, the
undersigned, a Notary Public in and for said State, personally appeared
___Kevin  Danwin___ the ___AVP___,
personally known to me (or proved to me on the basis of satisfactory evidence) to be the
individual(s) whose name is(are) subscribed to the within instrument and acknowledged to me
that he/she executed the same in his/her capacity(ies) and that by his/her signature(s) on the
instrument, the individual(s), or the person upon behalf of which the individual(s) acted,
executed the instrument.

___Getzville___ in ___New York State, Erie County___
(insert the city or other political subdivision)   (and insert the State and County or other place the acknowledgment was taken)

_____
Signature of Individual Taking Acknowledgment

Larry B Hall
Notary Public State of New York
Erie County
LIC #01HA6421214
COMM EXP. 08/30/2025

_____
Printed Name

_____
Office of Individual Taking Acknowledgment

(Seal)                                My Commission Expires: _____

## EXHIBIT A

**BORROWER(S): JASON T COLE AND SUSAN K COLE AS TENANTS BY THE ENTIRETY**

**LOAN NUMBER:** █████████

**LEGAL DESCRIPTION:**

**STATE OF PENNSYLVANIA, COUNTY OF BERKS, AND DESCRIBED AS FOLLOWS:**

**THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF BERKS, STATE OF PENNSYLVANIA, AND IS DESCRIBED AS FOLLOWS:**

**ALL THAT CERTAIN TRACT OR PIECE OF LAND TOGETHER WITH THE ONE AND ONE-HALF STORY SINGLE ASBESTOS SHINGLE DWELLING HOUSE THEREON ERECTED, BEING NO 601 EL HATCO DRIVE, SITUATE ON THE NORTHEASTERN CORNER OF THE INTERSECTION OF EL HATCO DRIVE WITH WILSHIRE ROAD, BEING LOT NO 47 ON PLAN OF LOTS OF CHEROKEE RANCH AS RECORDED IN PLAN BOOK VOLUME 3, PAGE 38, BERKS COUNTY RECORDS, SAID LOT BEING SITUATE IN THE TOWNSHIP OF MUHLENBERG, COUNTY OF BERKS AND COMMONWEALTH OF PENNSYLVANIA, BEING MORE FULLY BOUNDED AND DESCRIBED AS FOLLOWS, TO WIT**
**BEGINNING AT A POINT IN THE NORTHERN BUILDING LINE OF WILSHIRE ROAD SAID POINT BEING THE SOUTHEASTERN CORNER OF LOT NO 73, THENCE ALONG SAID BUILDING LINE BY A CURVE DEFLECTING TO THE RIGHT AN ARC DISTANCE OF 114.36 FEET TO A POINT OF COMPOUND CURVE, THENCE BY A CURVE DEFLECTING TO THE RIGHT HAVING A RADIUS OF 12 FEET, AN ARC DISTANCE OF 20.20 FEET TO A POINT OF TANGENCY WITH THE EASTERN TOPOGRAPHIC BUILDING LINE OF EL HATCO DRIVE, THENCE ALONG SAID BUILDING LINE IN A NORTHERLY DIRECTION 43.67 FEET TO A**

POINT; THENCE STILL ALONG THE EASTERN TOPOGRAPHIC BUILDING LINE OF EL HATCO DRIVE MAKING AN INTERIOR ANGLE WITH THE LAST DESCRIBED LINE OF 178 DEGREES 18 MINUTES A DISTANCE OF 37 71 FEET TO A POINT A CORNER OF LOT NO. 48; THENCE LEAVING THE AFORESAID BUILDING LINE AND ALONG LOT NO 48 MAKING AN INTERIOR ANGLE OF 90 DEGREES WITH THE LAST DESCRIBED LINE 51.89 FEET TO A POINT A CORNER OF LOT NO. 73, THENCE ALONG LOT NO. 73 MAKING AN INTERIOR ANGLE OF 154 DEGREES 51 MINUTES 50 SECONDS, A DISTANCE OF 56 86 FEET TO A POINT, THE PLACE OF BEGINNING

RESERVING THEREFROM AND THEREOUT UNTO THE OWNERS, TENANTS AND OCCUPIERS OF THE ADJOINING PREMISES TO THE NORTHEAST, THE FREE AND UNOBSTRUCTED USE, RIGHT, LIBERTY AND PRIVILEGE OF ENTRANCE AND EXIT, OF A WIDTH OF FIVE FEET, INTO AND FROM THE GARAGE ERECTED OR TO BE ERECTED ON THE WITHIN DESCRIBED PREMISES, OF ONE OR MORE PRIVATE AUTOMOBILES USED EXCLUSIVELY FOR PLEASURE, BUT NO COMMERCIAL AUTOMOBILES OR OTHER VEHICLES WHATSOEVER, OVER AND ALONG THE DRIVEWAY, TO AND FROM THE GARAGES NOW OR HEREAFTER TO BE ERECTED ON EACH OF SAID PREMISES, IN COMMON WITH THE OWNERS, TENANTS AND OCCUPIERS OF THE PREMISES HEREIN DESCRIBED AT ALL TIMES HEREAFTER FOREVER OR UNTIL SUCH TIME HEREAFTER AS SUCH RIGHT OF USER SHALL BE ABOLISHED BY THE THEN OWNERS OF BOTH OF SAID PREMISES, BUT NOT OTHERWISE, EACH OWNER TO PAY ONE-HALF OF THE PROPER CHARGES, COSTS AND EXPENSES OF KEEPING SAID DRIVEWAY IN GOOD ORDER, CONDITION AND REPAIR AND FREE FROM SNOW AND ICE IN THE WINTER SEASON, SO THAT SUCH AUTOMOBILES SHALL BE ABLE TO HAVE THE USE OF SAID PASSAGEWAY AS PLANNED, FOR A TOTAL WIDTH OF TEN FEET.

TOGETHER WITH THE FREE AND UNOBSTRUCTED USE, RIGHT, LIBERTY AND PRIVILEGE OF ENTRANCE AND EXIT, OF A WIDTH OF FIVE FEET, INTO AND FROM THE GARAGE ERECTED OR TO BE ERECTED ON THE WITHIN DESCRIBED PREMISES, OF ONE OR MORE PRIVATE AUTOMOBILES USED EXCLUSIVELY FOR PLEASURE, BUT NO COMMERCIAL AUTOMOBILES OR OTHER VEHICLES WHATSOEVER, OVER AND ALONG THE DRIVEWAY AS ABOVE MENTIONED AND SET FORTH IN COMMON WITH THE OWNERS, TENANTS AND OCCUPIERS OF THE ADJOINING PREMISES TO THE

**NORTHEAST AT ALL TIMES HEREAFTER OR UNTIL SUCH TIME HEREAFTER AS SUCH RIGHT OF USER SHALL BE ABOLISHED BY THE OWNER OF SAID PREMISES, BUT NOW OTHERWISE, AND SUBJECT TO THE PAYMENT OF ONE-HALF OF THE PROPER COSTS, CHARGES AND EXPENSES OF KEEPING DRIVEWAY IN GOOD CONDITION AND REPAIR AND FREE FROM SNOW AND ICE IN THE WINTER SEASON SO THAT SUCH AUTOMOBILES SHALL BE ABLE TO HAVE THE USE OF PASSAGEWAY AS PLANNED, FOR A TOTAL WIDTH OF TEN FEET.**

**ALSO KNOWN AS: 601  EL HATCO DR, TEMPLE, PA 19560**



# CORRECTION AGREEMENT

**Borrower(s):** **JASON T COLE AND SUSAN K COLE AS TENANTS BY THE ENTIRETY**    **Property:** **601 EL HATCO DR, TEMPLE, PA 19560**

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

"Borrower" is **JASON T COLE AND SUSAN K COLE AS TENANTS BY THE ENTIRETY**

"Lender" is **LAKEVIEW LOAN SERVICING LLC BY ITS ATTORNEY-IN-FACT M&T BANK**

**, and its successors or assigns.**
"Loan" means the debt evidenced by the Note and all sums due under the Security Instrument.
"Note" means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.
"Security Instrument" means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the Loan Modification Agreement offered by Lender in the amount of $82,106.30, which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree and covenant in order to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.

REQUEST BY LENDER: Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be prima facie evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.

BORROWER LIABILITY: If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender,

Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.

_____ (Seal)    Date: __1/11/24__
**JASON T. COLE**

_____ (Seal)    Date: __1/11/24__
**SUSAN K. COLE *SIGNING SOLELY TO
ACKNOWLEDGE THIS AGREEMENT, BUT
NOT TO INCUR ANY PERSONAL LIABILITY
FOR THE DEBT**

15142380

# PENNSYLVANIA PARTIAL CLAIM SECONDARY MORTGAGE NOTE

### This agreement is subject to the provisions of the Secondary Mortgage Loan Act.

| November 7, 2023 | TEMPLE | PENNSYLVANIA |
|---|---|---|
| [Date] | [City] | [State] |

**601 EL HATCO DR, TEMPLE, PA 19560**
[Property Address]

UPI/PIN/Tax ID: **66530911679184**

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" means the Secretary of U.S. Department of Housing and Urban Development and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of **Twenty Four Thousand Seven Hundred Fifty Nine and 82/100ths** Dollars (U.S. **$24,759.82**), to the order of the Lender.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses, which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A) Time

On, **November 1, 2063** or, if earlier, when the first of the following events occurs:

     (i)     Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

     (ii)    The maturity date of the primary Note has been accelerated, or

     (iii)   The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

**(B) Place**

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. WAIVER BY BORROWER

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____          Date: _1_/_11_/24_

Borrower    - JASON T. COLE

Pennsylvania Partial Claim Note—Single Family—Secondary Lien
**Page 3 of 3**

**Prepared By:**
**M&T BANK**
**475 CROSSPOINT PKWY**
**GETZVILLE, NY 14068**


**After Recording Please Return To:**
**SERVICELINK**
**ATTN: LOAN MODIFICATION**
**SOLUTIONS**
**3220 EL CAMINO REAL**
**IRVINE, CA 92602**
▮▮▮▮▮▮▮

Property Address:
**601 EL HATCO DR**
**TEMPLE, PA 19560**

▮▮▮▮▮▮▮

——————————————*[Space Above This Line For Recording Data]*——————————

# PENNSYLVANIA MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **November 7, 2023**. The Mortgagor is
**JASON T COLE AND SUSAN K COLE AS TENANTS BY THE ENTIRETY**
Whose address is **601 EL HATCO DR, TEMPLE, PA 19560**
("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban
Development, and whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender").
Borrower owes Lender the principal sum of **Twenty Four Thousand Seven Hundred Fifty
Nine and 82/100ths** Dollars (U.S. **$24,759.82**). This debt is evidenced by Borrower's note dated
the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid
earlier, due and payable on **November 1, 2063**. This Security Instrument secures to Lender: (a)
the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications

**Pennsylvania Mortgage-Single Family**

of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in **BERKS** County, PENNSYLVANIA:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

which has the address of **601  EL HATCO DR, TEMPLE, PA 19560**, ("Property Address");

This Mortgage is subordinate to the Mortgage between **Jason T. Cole and Susan K. Cole as tenants by the entirety** (Borrower), and **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ACTING SOLELY AS NOMINEE FOR Lakeview Loan Servicing, LLC, a Delaware limited liability company** (Lender), dated **March 21, 2014** and recorded on **March 27, 2014** in the real property records of **BERKS** County in Book, Volume, or Liber No. N/A, at Page N/A (or as Instrument Number **2014009336**)in the amount of **$94,905.00**, as assigned and/or modified, if applicable.

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

---

Pennsylvania Mortgage-Single Family

Page 2 of 10

**1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be

given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**7. Acceleration; Remedies.** If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Note, Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Secretary under this paragraph or applicable law.

**Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in the Note or this Security Instrument. Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by Applicable Law.**

**8. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**9. Waivers.**  Borrower, to the extent permitted by Applicable Law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**10. Purchase Money Mortgage.**  If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**11. Interest Rate After Judgment.**  Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

**REQUEST FOR NOTICE OF DEFAULT**
**————————————AND FORECLOSURE UNDER SUPERIOR————————————**
**MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

The following signature(s) and acknowledgment(s) are incorporated into and made a part of this Pennsylvania Mortgage dated **November 7, 2023** between **JASON T COLE AND SUSAN K COLE AS TENANTS BY THE ENTIRETY, Secretary of Housing and Urban Development.**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____     Date: __1 / 11 / 24__
Borrower    - JASON T. COLE

_____     Date: __1 / 11 / 24__
Borrower    - SUSAN K. COLE *SIGNING SOLELY TO
            ACKNOWLEDGE THIS AGREEMENT,
            BUT NOT TO INCUR ANY PERSONAL
            LIABILITY FOR THE DEBT


Certificate of Residence:

I certify that the address of the foregoing mortgagee is **451 Seventh Street, SW, Washington, DC 20410.**

                                    **M&T Bank in its capacity as Servicer/Agent
                                    for Secretary of Housing and Urban
                                    Development**

                        By: _____

                                        Kevin Danwin
                        Title:    Assistant Vice President    _____

## ACKNOWLEDGMENT

State of ___PA___          §
                          §
County of ___Berks___     §

On this ___11th___ day of ___January___, ___2024___, before me, the undersigned officer, personally appeared **JASON T. COLE AND SUSAN K. COLE**, known to me (or satisfactorily proven), to be the person whose name is subscribed to the within instrument, and acknowledged that he (or they) executed the same for the purposes therein.

In witness whereof, I hereunto set my hand and official seal.

Commonwealth of Pennsylvania - Notary Seal
KIRSTEN KAUFFMAN - Notary Public
Berks County
My Commission Expires February 10, 2027
Commission Number 1288359

_____
Signature of Officer

Kirsten Kauffman
_____
Printed Name

Notary Public
_____
Title of Officer

(Seal)          My Commission Expires: __2/10/27__

**EXHIBIT A**

**BORROWER(S): JASON T COLE AND SUSAN K COLE AS TENANTS BY THE ENTIRETY**

[REDACTED]

**LEGAL DESCRIPTION:**

**STATE OF PENNSYLVANIA, COUNTY OF BERKS, AND DESCRIBED AS FOLLOWS:**

**THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF BERKS, STATE OF PENNSYLVANIA, AND IS DESCRIBED AS FOLLOWS:**

**ALL THAT CERTAIN TRACT OR PIECE OF LAND TOGETHER WITH THE ONE AND ONE-HALF STORY SINGLE ASBESTOS SHINGLE DWELLING HOUSE THEREON ERECTED, BEING NO 601 EL HATCO DRIVE, SITUATE ON THE NORTHEASTERN CORNER OF THE INTERSECTION OF EL HATCO DRIVE WITH WILSHIRE ROAD, BEING LOT NO 47 ON PLAN OF LOTS OF CHEROKEE RANCH AS RECORDED IN PLAN BOOK VOLUME 3, PAGE 38, BERKS COUNTY RECORDS, SAID LOT BEING SITUATE IN THE TOWNSHIP OF MUHLENBERG, COUNTY OF BERKS AND COMMONWEALTH OF PENNSYLVANIA, BEING MORE FULLY BOUNDED AND DESCRIBED AS FOLLOWS, TO WIT**
**BEGINNING AT A POINT IN THE NORTHERN BUILDING LINE OF WILSHIRE ROAD SAID POINT BEING THE SOUTHEASTERN CORNER OF LOT NO 73, THENCE ALONG SAID BUILDING LINE BY A CURVE DEFLECTING TO THE RIGHT AN ARC DISTANCE OF 114.36 FEET TO A POINT OF COMPOUND CURVE, THENCE BY A CURVE DEFLECTING TO THE RIGHT HAVING A RADIUS OF 12 FEET, AN ARC DISTANCE OF 20.20 FEET TO A POINT OF TANGENCY WITH THE EASTERN TOPOGRAPHIC BUILDING LINE OF EL HATCO DRIVE, THENCE ALONG SAID BUILDING LINE IN A NORTHERLY DIRECTION 43.67 FEET TO A POINT; THENCE STILL ALONG THE EASTERN TOPOGRAPHIC BUILDING LINE OF EL HATCO DRIVE MAKING AN INTERIOR ANGLE WITH THE LAST DESCRIBED LINE OF 178 DEGREES 18 MINUTES A DISTANCE OF 37 71 FEET TO A POINT A CORNER OF LOT NO. 48; THENCE LEAVING THE AFORESAID**

**BUILDING LINE AND ALONG LOT NO 48 MAKING AN INTERIOR ANGLE OF 90 DEGREES WITH THE LAST DESCRIBED LINE 51.89 FEET TO A POINT A CORNER OF LOT NO. 73, THENCE ALONG LOT NO. 73 MAKING AN INTERIOR ANGLE OF 154 DEGREES 51 MINUTES 50 SECONDS, A DISTANCE OF 56 86 FEET TO A POINT, THE PLACE OF BEGINNING**

**RESERVING THEREFROM AND THEREOUT UNTO THE OWNERS, TENANTS AND OCCUPIERS OF THE ADJOINING PREMISES TO THE NORTHEAST, THE FREE AND UNOBSTRUCTED USE, RIGHT, LIBERTY AND PRIVILEGE OF ENTRANCE AND EXIT, OF A WIDTH OF FIVE FEET, INTO AND FROM THE GARAGE ERECTED OR TO BE ERECTED ON THE WITHIN DESCRIBED PREMISES, OF ONE OR MORE PRIVATE AUTOMOBILES USED EXCLUSIVELY FOR PLEASURE, BUT NO COMMERCIAL AUTOMOBILES OR OTHER VEHICLES WHATSOEVER, OVER AND ALONG THE DRIVEWAY, TO AND FROM THE GARAGES NOW OR HEREAFTER TO BE ERECTED ON EACH OF SAID PREMISES, IN COMMON WITH THE OWNERS, TENANTS AND OCCUPIERS OF THE PREMISES HEREIN DESCRIBED AT ALL TIMES HEREAFTER FOREVER OR UNTIL SUCH TIME HEREAFTER AS SUCH RIGHT OF USER SHALL BE ABOLISHED BY THE THEN OWNERS OF BOTH OF SAID PREMISES, BUT NOT OTHERWISE, EACH OWNER TO PAY ONE-HALF OF THE PROPER CHARGES, COSTS AND EXPENSES OF KEEPING SAID DRIVEWAY IN GOOD ORDER, CONDITION AND REPAIR AND FREE FROM SNOW AND ICE IN THE WINTER SEASON, SO THAT SUCH AUTOMOBILES SHALL BE ABLE TO HAVE THE USE OF SAID PASSAGEWAY AS PLANNED, FOR A TOTAL WIDTH OF TEN FEET.**

**TOGETHER WITH THE FREE AND UNOBSTRUCTED USE, RIGHT, LIBERTY AND PRIVILEGE OF ENTRANCE AND EXIT, OF A WIDTH OF FIVE FEET, INTO AND FROM THE GARAGE ERECTED OR TO BE ERECTED ON THE WITHIN DESCRIBED PREMISES, OF ONE OR MORE PRIVATE AUTOMOBILES USED EXCLUSIVELY FOR PLEASURE, BUT NO COMMERCIAL AUTOMOBILES OR OTHER VEHICLES WHATSOEVER, OVER AND ALONG THE DRIVEWAY AS ABOVE MENTIONED AND SET FORTH IN COMMON WITH THE OWNERS, TENANTS AND OCCUPIERS OF THE ADJOINING PREMISES TO THE NORTHEAST AT ALL TIMES HEREAFTER OR UNTIL SUCH TIME HEREAFTER AS SUCH RIGHT OF USER SHALL BE ABOLISHED BY THE OWNER OF SAID PREMISES, BUT NOW OTHERWISE, AND SUBJECT TO THE PAYMENT OF ONE-HALF OF THE PROPER COSTS, CHARGES AND EXPENSES OF KEEPING DRIVEWAY IN GOOD CONDITION AND REPAIR AND FREE FROM SNOW AND ICE IN THE WINTER SEASON SO THAT SUCH AUTOMOBILES SHALL BE ABLE**

**Pennsylvania Mortgage-Single Family**

**TO HAVE THE USE OF PASSAGEWAY AS PLANNED, FOR A TOTAL WIDTH OF TEN FEET.**



**ALSO KNOWN AS: 601  EL HATCO DR, TEMPLE, PA 19560**

# BANKRUPTCY DISCLOSURE RIDER

THIS BANKRUPTCY DISCLOSURE RIDER is given on the **7th** day of **November, 2023**, and is incorporated into and shall be deemed to amend and supplement the Note and Security Instrument "Mortgage/Deed of Trust" of the same date made by **JASON T. COLE AND SUSAN K. COLE** (the "Borrower") and **Lakeview Loan Servicing LLC by its attorney-in-fact M&T Bank** (the "Lender), covering the property describedin the Note and Security Instrument located at:

### 601  EL HATCO DR, TEMPLE, PA 19560

In addition to covenants and agreements made in the Note and Security Instrument, Borrower and Lender covenant and agree as follows:

1. **Borrower has filed for a Chapter 13 bankruptcy and, Lender's final approval of the Note and Security Instrument is contingent upon approval by the bankruptcy court, if required.**
2. **AFTER** execution of the Note and Security Instrument, the bankruptcy court may award the Borrower a Chapter 13 bankruptcy discharge upon completion of the Chapter 13 plan payments.
3. Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Note, Security Instrument and this Bankruptcy Disclosure Rider, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

Except as otherwise specifically provided in this Bankruptcy Disclosure Rider, the terms of the Note and Security Instrument will remain unchanged and in full effect.

_____      Date: _1_ / _11_ / _24_
Borrower/      - **JASON T. COLE**

_____      Date: _1_ / _11/24_
Borrower      - **SUSAN K. COLE *SIGNING SOLELY TO ACKNOWLEDGE THIS AGREEMENT, BUT NOT TO INCUR ANY PERSONAL LIABILITY FOR THE DEBT**